UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| GEORGE CINTROI DAVIS, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. CIV-17-645-M |
| KELLY COLLINS et al., | ) ) ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff George Cintroi Davis filed this 42 U.S.C. § 1983 action in June 2017, identifying himself as a pro se litigant incarcerated at Oklahoma State Reformatory. This matter was referred to the undersigned for initial proceedings consistent with 28 U.S.C. § 636(b). In light of Plaintiff's failure to comply with this Court's orders and applicable rules, the Court should dismiss this action without prejudice.

*I.  Background*

On June 12, 2017, the Court granted Plaintiff George Cintroi Davis' application for leave to proceed *in forma pauperis* and ordered Plaintiff to pay an initial partial filing fee of $0.48 no later than July 3, 2017, pursuant to 28 U.S.C. § 1915(b)(1)(A). Plaintiff was advised that if he did not pay this fee, or show good cause for his failure to do so, this action would be subject to dismissal without prejudice. *See* Order of June 12, 2017 (Doc. No. 5) at 1.

Plaintiff failed to pay the initial partial payment, seek an extension of his time to do so, or submit any explanation for his failure to pay. Accordingly, on July 10, 2017, Plaintiff was permitted another opportunity to either submit his $0.48 initial partial fee or show

good cause in writing for his failure to do so. Plaintiff was advised that if he did not (1) pay the full $350.00 filing fee, (2) pay the $0.48 initial partial fee, or (3) show, in writing, good cause for the failure to pay, by July 31, 2017, this action would be subject to dismissal without prejudice to refiling and with no fees or costs imposed. *See* Order of July 10, 2017 (Doc. No. 8); LCvR 3.4(a).

As of the second deadline date, Plaintiff had not submitted his required fee to the Court. He did, however, send a letter stating that he "has no money." Pl.'s Letter (Doc. No. 9) at 1. Because he had attached to his filing an institutional account statement reflecting that he had a current balance of $7.20 in his savings account, the Court found that Plaintiff had not shown good cause for his failure to pay his initial partial filing fee as required by 28 U.S.C. § 1915(b)(1)(A). *See* Order of July 27, 2017 (Doc. No. 10); Doc. No. 9-1. In light of Plaintiff's apparent misunderstanding regarding his savings account, however, the Court extended Plaintiff's deadline to comply with its two previous Orders. The Court ordered that Plaintiff "must, *no later than August 10, 2017*, do one of the following: (1) pay the full $350.00 filing fee, (2) pay the $0.48 initial partial fee, or (3) show, in writing, good cause for the failure to pay." Order of July 27, 2017, at 2. Plaintiff was advised that he failed to comply with this "final deadline," "this action will be subject to dismissal without prejudice to refiling and with no fees or costs imposed." *Id.* (citing LCvR 3.4(a)). As of this date, Plaintiff has submitted no further filings to the Court, and no payments have been submitted to the Clerk of Court either by Plaintiff or on Plaintiff's behalf.

*II.     Discussion*

Under Federal Rule of Civil Procedure 41(b), if a plaintiff "fails to prosecute or to comply with these rules or a court order," the Court may dismiss the action. *See* Fed. R. Civ. P. 41(b). The Tenth Circuit "ha[s] consistently interpreted Rule 41(b) to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute." *Huggins v. Supreme Court of U.S.*, 480 F. App'x 915, 916-17 (10th Cir. 2012) (internal quotation marks omitted); *see also AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009) ("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules." (internal quotation marks omitted)). If the dismissal is without prejudice, the Court generally need not follow any "particular procedures" in entering the dismissal order. *AdvantEdge Bus. Grp.*, 552 F.3d at 1236; *accord Robledo-Valdez v. Smelser*, 593 F. App'x 771, 775 (10th Cir. 2014).

Plaintiff's failure to prosecute his action and to comply with the Court's Orders leaves the Court unable "to achieve an orderly and expeditious" resolution of this action. *Link v. Wabash R.R.*, 370 U.S. 626, 629-31 (1962) (discussing the inherent power of a court to dismiss suits for lack of prosecution on its own initiative). Additionally, Plaintiff's lack of prosecution has left the Court unable to collect any of the $350.00 filing fee owed by Plaintiff and warrants dismissal. *See* LCvR 3.4(a) ("Failure of any applicant to pay the initial partial filing fee . . . by the date specified, to seek a timely extension within which to make the payment, or to show cause in writing by that date why the applicant cannot pay the fee shall be cause for dismissal of the action without prejudice to refiling.");

*Soboroff v. Doe*, 569 F. App'x 606, 608-09 (10th Cir. 2014); *Frey v. McCormack*, 150 F. App'x 848, 849-50 (10th Cir. 2005).

The Court has provided Plaintiff sufficient notice of the possibility of dismissal and opportunity to respond, as well an additional response opportunity through objection to this Report and Recommendation. *See* Order of June 12, 2017; Order of July 10, 2017; Order of July 27, 2017.

## RECOMMENDATION

Accordingly, the undersigned recommends that the Court dismiss this action without prejudice.

## NOTICE OF RIGHT TO OBJECT

Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by September 26, 2017, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. Plaintiff is further advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the present case.

ENTERED this 5th day of September, 2017.

_____
CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE